# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | | |
|---|---|---|
| C.R. and P.R.,<br>Individually, and as<br>Parents of H.R.,<br><br>Plaintiffs<br><br>v.<br><br>BENTON SCHOOL DISTRICT,<br><br>Defendant | § § § § § § § § § § § | CASE NO. 4:22-cv-00167-BSM |

---

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

---

C.R. and P.R., Individually and as Parents of H.R., for their First Amended and Supplemental Complaint state:

### I.  PARTIES

1.      H.R., age 9, is a child with a disability as defined by the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401(3)(A)(i). H.R. has been diagnosed with autism spectrum disorder.

2.     C.R. and P.R. are H.R.'s parents and will be collectively referred to as "Parents." *See* 20 U.S.C. §1401(23)(C) (definition of "parents").

3.     Plaintiffs reside in Saline County, Arkansas, and H.R. attends school in the Benton School District ("BSD").

4.     BSD is an Arkansas school district and a public corporation that may be sued in its own name. *See* Ark. Code Ann. §6-13-102(a). Arkansas school districts are not state agencies immune from suit pursuant to the Eleventh Amendment. *See Herts v. Smith*, 345 F.3d 581, 588 (8th Cir. 2003).

5.     BSD consented in writing to Plaintiffs filing this First Amended and Supplemental Complaint. *See* Fed. R. Civ. P. 15(a)(2).

## II.  SUMMARY OF CLAIMS

6.     Plaintiffs assert two claims. First, Parents seek to recover their attorneys' fees and costs as the prevailing party in proceedings under the IDEA. *See* 20 U.S.C. §1415(i)(3)(B)(i).

7.     Second, Parents and H.R. seek to recover compensatory damages pursuant to §504 of the Rehabilitation Act of 1973, 29

2

U.S.C. §794(a) ("§504"), and Title II of the Americans' with Disabilities Act, 42 U.S.C. §12131-12165 ("Title II") for disability discrimination because BSD acted in bad faith by being deliberately indifferent to H.R.'s rights under the IDEA and by retaliating a IV. Jurisdiction and Venue

8.     This Court has jurisdiction over Parents' IDEA fee claim pursuant to 20 U.S.C. §1415(i)(3)(A).

9.     This Court has jurisdiction to award Parents and H.R. compensatory damages for disability discrimination pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a), §504, and/or Title II.

10.     This Court is the proper venue for Plaintiffs' claims. *See* 28 U.S.C. §1391(b). Plaintiffs reside in Saline County, Arkansas. BSD is located in Saline County. The events giving rise to Plaintiffs' Complaint occurred in Saline County. Saline County is in the Eastern District of Arkansas, Central Division. *See* 28 U.S.C. §83(a)(1).

### III.   FACTS

11.    On April 26, 2021, Parents filed a due process complaint with the Arkansas Department of Education ("ADE") alleging BSD denied H.R. a free appropriate public education ("FAPE") in the least-restrictive environment ("LRE") in violation of the IDEA.

12.    ADE numbered Parents' due process complaint as H-21-34 and assigned the case to an impartial due process hearing officer ("HO").

13.    The due process hearing lasted three days, July 19-21, 2021. The HO heard the testimony of 11 witnesses. Parents introduced 474 pages of exhibits. BSD introduced 13 pages of exhibits.

14.    On August 23, 2021, the HO issued her Final Decision and Order in H-21-34 finding that BSD denied H.R. a FAPE during the 2019-2020 and 2020-2021 school years. The HO's decision (redacted) is attached hereto as **Exhibit A** and incorporated by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

15.    The HO found that BSD violated H.R.'s clearly established

rights under the IDEA.

16.    To provide H.R. a FAPE, BSD knew it must provide H.R. special

education and related services in conformity with his Individualized

Education Program ("IEP"). *See* 20 U.S.C. §1401(9) (definition of

FAPE).

17.    BSD engaged in a course of conduct knowing it would deny

H.R. a FAPE by failing to provide him special education and related

services in conformity with his IEP.

18.    The HO found BSD failed to provide H.R. occupational therapy

("OT") and speech therapy ("ST") in conformity with his 2019-2020

and 2020-2021 IEPs. **Ex. A, pp. 26, 27**.

19.    H.R. received less than half of the total OT and ST provided in

his IEPs. **Ex. A, p. 34**.

20.    OT and ST were the only services provided H.R., and the

parties agreed that these services were essential for H.R. to benefit

from his education. As the HO noted, "They assist Student in

achieving educational goals developed by the IEP team, promote

access to academic curriculum and participation in other school

activities, and improve access to the school environment." **Ex. A, p.**

**34**.

21.    The HO ordered the following relief:

District is ordered to provide Student compensatory education
in the amount of 2140 minutes of Speech therapy and 1480
minutes of Occupational therapy. The minutes of therapy will
be spread over time and agreeable to the District and Parent,
taking into account Student's ability, given his Autism diagnosis
and young age, to endure additional therapies. The therapy
minutes ordered will be carried forward on Student's IEP until
completed.

**Ex. A, p. 35**.

22.    On August 18, 2021, Parents filed a second due process

complaint with ADE alleging BSD denied H.R. a FAPE in the LRE in

violation of the IDEA.

23.    ADE numbered Parents' due process complaint as H-22-05 and

assigned the case to an impartial HO.

24.    The due process hearing lasted four day starting September

30, 2021 and ending on October 20, 2021. The HO heard the

testimony of 12 witnesses. Parents introduced 192 pages of exhibits.

BSD introduced 19 pages of exhibits and six videos.

25.    On November 23, 2021, the HO issued her Final Decision and

Order in H-22-05 finding for BSD. The HO's decision (redacted) is

attached hereto as **Exhibit B** and incorporated by reference pursuant

to Rule 10(c) of the Federal Rules of Civil Procedure.

26.    The HO found for BSD based on a technicality. The HO found

she could not consider private evaluations secured by Parents

because the IEP team did not have them when they developed the

IEP. *See* **Ex. B, p. 28**.

27.    On March 17, 2022, Parents overcame this technicality by filing

a third due process complaint with ADE alleging BSD denied H.R. a

FAPE in the LRE in violation of the IDEA.

28.    ADE numbered Parents' due process complaint as H-22-38 and

assigned the case to an impartial HO.

29.    The due process hearing lasted two days, May 24-25, 2022.

The record from the prior two due process hearings were

incorporated into the record of H-22-38. In addition, the HO heard the testimony of eight witnesses. Parents introduced 303 pages of exhibits. BSD introduced 153 pages of exhibits.

30.     On June 30, 2022, the HO issued her Final Decision and Order in H-22-38 finding for Parents. The HO's decision (redacted) is attached hereto as **Exhibit C** and incorporated by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

31.     Based on the evaluations the HO refused to consider in H-22-05, the HO held that BSD denied H.R. a FAPE during the 2021-2022 school year by failing to include direct speech therapy ("ST") and direct occupational therapy ("OT") on H.R.'s IEP. **Ex. C, pp. 41-42**.

32.     The HO ordered BSD to conduct complete ST and OT evaluations and develop an appropriate IEP based on the evaluations results. **Ex. C, pp. 42-43**.

33.     The HO erred in failing to award Parents compensatory ST and OT. *See* **Ex. C, p. 42**. If BSD appeals the HO's decision in H-22-38, it

will open the door for Plaintiffs to seek compensatory education as additional "appropriate" relief in this Court. *See* 20 U.S.C. §1415(i)(2)(C)(iii); *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 888 (8th Cir. 2018) ("A civil action review proceeding under § 1415(i)(2), while sometimes referred to as an 'appeal,' is formally an original civil action.") (citing *Kirkpatrick v. Lenoir Cty. Bd. of Educ.*, 216 F.3d 380, 384–85 (4th Cir. 2000)); *FB v. New York City Dep't of Educ.*, 923 F. Supp. 2d 570, 588 (S.D.N.Y. 2013) ("[T]he Court holds that the Parents were not required to cross-appeal issues raised in their due process complaint but not addressed by the IHO in his decision ruling in their favor.").

## IV.  CLAIMS

### COUNT I

### IDEA ATTORNEYS' FEES AND COSTS

34.    Parents are the prevailing party in a proceeding under the IDEA and may be awarded reasonable attorneys' fees and costs. *See* 20 U.S.C. §1415(i)(3)(B)(i).

35.    The HO's decisions in H-21-34 and H-22-38 awarded Parents actual relief on the merits of their claim that materially

altered the legal relationship between the parties by modifying BSD's behavior in a way that directly benefited H.R. *See Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002).

36.    BSD had 90 days to appeal the HO's decision in H-21-34. *See* 20 U.S.C. §1415(i)(2)(B) (90 days to appeal). BSD's time to appeal ran on November 21, 2021. BSD did not file an appeal, and as a result, the HO's decision is now a final judgment for purposes of the doctrines of the law of the case, issue preclusion, and claim preclusion.

37.    BSD has 90 days to appeal the HO's decision in H-22-38. Its appeal time will run on September 28, 2022. Plaintiffs have agreed that BSD may appeal by filing a counterclaim to this First Amended Complaint.

38.    The IDEA does not establish a limitations period for an IDEA fee claim. *See* 20 U.S.C. §1415(i)(3). The Eighth Circuit has established a 90-day limitations period that starts when the

10

losing party's time to appeal runs out, or 180 days from the HO's decision. *See Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 875-76 (8th Cir. 2020), cert. denied, 141 S. Ct. 2851 (2021); 20 U.S.C. §1415(i)(2)(B) (90 days to appeal). Parents' IDEA fee claims are timely.

39.    Parents will comply with Local Rule 54.1(a) and submit a motion for attorneys' fees and costs within 14 days of the Court's decision on BSD's appeal of the HO's decision in H-22-38 or as otherwise ordered by the Court..

## COUNT II

## §504/TITLE II DISABILITY DISCRIMINATION

40.    The enforcement, remedies, and rights are the same under §504 and Title II. *Birmingham v. Omaha Sch. Dist.*, 220 F.3d 850, 856 (8th Cir.2000).

41.    H.R. is a qualified individual with a disability.

42.    BSD is a public entity receiving federal funds.

43.    BSD discriminated against H.R. solely on the basis of his disability.

44.    BSD harmed Parents and H.R. by departing so substantially from accepted professional judgment, practice or standards as to demonstrate that the BSD acted with wrongful intent and in bad faith.

45.    BSD's decision to pursue a course of action knowing it would likely result in a violation of H.R.'s right to an evaluation under the IDEA creates an inference that BSD acted with deliberate indifference. *See Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011).

46.    BSD's decision to retaliate against Parents and H.R. for their advocacy on behalf of H.R. also constitutes prohibited disability discrimination. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005) ("Retaliation is, by definition, an intentional act. It is a form of 'discrimination" because the complainant is being subjected to different treatment.").

47.    Retaliation is specifically prohibited by §504 and Title II rules. *See* 28 CFR § 35.134 (Title II); 34 CFR § 104.61 (§504 -

incorporates Title VI regs); 34 CFR §100.7(e) (Title VI).

48.     Even if Plaintiffs general disability discrimination claim fails, Plaintiffs can still prevail on their retaliation claim if they engaged in protected activity in good faith. *See Rinehart v. Weitzel*, 964 F.3d 684, 689 (8th Cir. 2020). In other words, even if Parents' demands were beyond what the law required, BSD cannot retaliate against Parents if the demands were made in good faith. *Id.*

49.     Parents engaged in protected activity by advocating for H.R.'s rights under the IDEA and §504/Title II in good faith.

50.     BSD took adverse action against Parents and H.R. as described above.

51.     A causal connection exists between Parents' protected activity and the adverse action taken by BSD.

52.     This Court must give the HO's decisions the same preclusive effect that it would be entitled to in Arkansas courts because the HO was acting in a judicial capacity, the questions litigated were properly before the HO, and the parties had an adequate

opportunity to litigate them. *See Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986); *Plough v. West Des Moines Community School Dist.*, 70 F.3d 512, 515–16 (8th Cir.1995).

53.    ADE's rules establish that the HO acted in a judicial capacity. For example, the rules define "hearing officer" as "an impartial, trained individual assigned by [ADE], Special Education Unit, for the purpose of presiding at a due process hearing or expedited due process hearing." ADE Spec. Ed. Rules §10.01.21.1. *See* 20 U.S.C. §1415(f)(3)(a) (minimum qualifications for hearing officers). The rules ultimately require hearing officers to produce a "written judgment" including "findings of fact," and "the decision(s)" and "orders resulting from the hearing decision." ADE Spec. Ed. Rules, §10.01.39.2. *See* 20 U.S.C. §1415(h)(4) (requiring written findings of fact and decisions). Therefore, the HO clearly acted in a judicial capacity.

54.    ADE rules also make clear that the questions litigated

were properly before the HO. The rules grant hearing officers

authority:

> [T]o rule on any matter that pertains to the identification,
> evaluation or educational placement of a child with a disability,
> and the provision of a free appropriate public education to the
> child within the meaning of the IDEA and Ark. Code Ann.
> 6-41-202, *et seq.*

ADE Spec. Ed. Rules §10.01.22.1. Notably, BSD did not challenge to the

HO's jurisdiction. The HO's decision outlines the questions litigated, and

those questions clearly fall within the HO's broad jurisdiction to ensure

IDEA compliance. **Ex. A, p. 2; Ex. C, p. 2**. Therefore, there can be no

dispute that the questions litigated were properly before the HO.

55.     Finally, the parties had an adequate opportunity to litigate the

questions presented. ADE's rules guaranteed the parties were

afforded due process. They provide:

> Any party to a hearing under these procedures has the right to
> –
>
> A. Be accompanied and advised by counsel and by individuals
> with special knowledge or training with respect to the
> problems of
> children with disabilities;

B. Present evidence and confront, cross-examine, and compel the attendance of witnesses;

C. Prohibit the introduction of any evidence at the hearing that has not been disclosed to that party at least five (5) business days before the hearing;

D. Obtain a written, or, at the option of the parents, electronic, verbatim record of the hearing; and

E. Obtain written, or, at the option of the parents, electronic findings of fact and decisions.

ADE Spec. Ed. Rules 10.01.14.1. At the hearings, the HO allowed BSD to present all the evidence it wanted, to call all the witnesses it wanted, to cross-examine Parents' witnesses, and to submit a post-hearing brief before the HO ruled. Moreover, the HO placed the burden proof on Parents. **Ex. A, p. 21; Ex. C, p. 27**. Consequently, there can be no doubt that BSD had an adequate opportunity to litigate the questions presented.

56.    Therefore, this Court must give the HO's decisions the same preclusive effect that a state court would. In Arkansas, an unreviewed administrative decision may be given preclusive effect in later proceedings. *Alexander v. Pathfinder, Inc.*, 91 F.3d 59, 62 (8th Cir. 1996) (citing *Pine Bluff Warehouse v. Berry*, 51 Ark.App. 139, 142,

912 S.W.2d 11, 13 (1995)). "In Arkansas, issue preclusion bars

relitigation of an issue of law or fact that was litigated in the first suit

when the issue sought to be precluded is the same as that involved

in the prior litigation, was actually litigated, determined by a valid

and final judgment, and its determination was essential to the

judgment." *Id.* (citing *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578,

581, 864 S.W.2d 244, 246 (1993)).

57.    Applying Arkansas law, issue preclusion bars BSD from

relitigating whether it denied H.R. a FAPE during the 2019-2020,

2020-2021, and 2021-2022 school years. Those issues were actually

litigated before the HO. BSD did not appeal the HO's decision or the

appeal was (will be)[1] denied, and as a result, it is now a final

judgment. *Alexander*, 91 F.3d at 62 ("Under Arkansas law, an

unappealed administrative decision is a final judgment.") (citing *Pine*

*Bluff Warehouse v. Berry*, 51 Ark.App. 139, 142, 912 S.W.2d 11, 13

(1995)). Finally, the HO's finding that BSD denied H.R. a FAPE was

---

[1] Parents anticipate the Court will decide BSD's appeal in H-22-38 first so that, when the Court turns to Plaintiffs' §504/Title II claims, the HO's decision will be a final order.

17

essential to the judgment. Accordingly, issue preclusion applies, and

BSD cannot relitigate whether it denied H.R. a FAPE during the

2019-2020, 2020-2021, and 2021-2022 school years.

58.    The Court may reach the same result applying the law of the

case doctrine. "'[A] decision in a prior appeal is followed in later

proceedings unless a party introduces substantially different

evidence, or the prior decision is clearly erroneous and works a

manifest injustice.'" *United States v. Bartsh*, 69 F.3d 864, 866 (8th

Cir.1995) (quoting *United States v. Callaway*, 972 F.2d 904, 905 (8th

Cir.1992) (per curium)). BSD cannot establish that the HO's decision

was clearly erroneous or that application of the law of the case

doctrine would work a manifest injustice. Therefore, the law of the

case doctrine also bars BSD from relitigating whether it denied H.R.

a FAPE during the 2019-2020, 2020-2021, and 2021-2022 school

years.

59.    Parents, individually, are "person[s] aggrieved" and have

standing to pursue a §504/Title II discrimination claim based on

the BSD's disability discrimination against H.R. described herein.

*See* 29 U.S.C. §794a(a)(2) ("The remedies, procedures, and

rights . . . shall be available to any person aggrieved by any act or

failure to act by any recipient of Federal assistance or Federal

provider of such assistance . . . "); 42 U.S.C. § 12133 (incorporating

§794a); *K.F. v. Francis Howell R-III Sch. Dist.*, No. 4:07CV01691

ERW, 2008 WL 723751, at *7 (E.D. Mo. Mar. 17, 2008) ("This Court

is persuaded by the reasoning in *Blanchard* and *C.J.G.*, and finds

that parents do have standing under Section 504 and the ADA as

an aggrieved party in their own right.") (following *Blanchard v.

Morton Sch. Dist.*, 509 F.3d 934 (9th Cir. 2007) and *C.J.G. v.

Scranton Sch. Dist.*, 2007 WL 4269816 at *5-6 (M.D. Pa. Dec. 3,

2007)).

60.    As a direct and proximate result of the BSD's bad faith/

deliberate indifference, Parents and H.R. have incurred and will

incur in the future pecuniary and non-pecuniary losses for which

they should be compensated.

61.     Plaintiffs will seek to recover all three types of traditional contract damages: (1) Expectation damages – what Plaintiffs were entitled to if Defendant had carried out the contract and complied with the law; (2) Reliance damages – losses resulting from Plaintiffs change of position because of the Defendants promise to comply with the law; and, (3) Restitutionary damages – the monetary benefit (federal funding) received by the Defendant for its promise to comply with the law. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, ___ U.S. ___, 142 S. Ct. 1562, 1570-71 (2022); H. Brill, *Arkansas Law of Damages*, p. 346-47 (6th Ed. 2014).

62.     Parents respectfully requests compensatory damages for Parents' and H.R.'s pecuniary and non-pecuniary losses in an amount determined by a jury.

## JURY DEMAND

63.     Plaintiffs demand a jury trial on Count II.

WHEREFORE, Plaintiffs pray that Parents be awarded their attorneys' fees and costs and the prevailing party in proceedings under the IDEA;

20

that Parents and H.R. be awarded compensatory damages from BSD for

disability discrimination in an amount determined by a jury; and, that

Plaintiffs be awarded all other just and proper relief to which they may be

entitled.

Respectfully submitted,

Theresa L. Caldwell
Arkansas Bar Number 91163
Attorney for Plaintiffs

**CALDWELL LAW OFFICE**
14 Alban Lane
Little Rock, Arkansas 72223
Tel.: 501-414-0434
E-mail: tlcatty@gmail.com