## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**C.R. AND P.R., INDIVIDUALLY**
**AND AS PARENTS OF H.R.**            **PLAINTIFFS**

**vs.**           **CASE NO. 4:22CV167-BSM**

**BENTON SCHOOL DISTRICT**           **DEFENDANT**

### ANSWER TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Comes now, Benton School District (the "District"), by and through its attorneys, TAYLOR & TAYLOR LAW FIRM, P.A., and for its *Answer to First Amended and Supplemental Complaint* does state:

1. The District admits the allegations in paragraph 1 of Plaintiffs' First Amended and Supplemental Complaint.

2. The District admits the allegations in paragraph 2 of Plaintiffs' First Amended and Supplemental Complaint.

3. The District admits the allegations in paragraph 3 of Plaintiffs' First Amended and Supplemental Complaint.

4. The District admits that it is a public school district existing pursuant to Arkansas law. The District denies the remaining allegations in paragraph 4 of Plaintiffs' First Amended and Supplemental Complaint.

5. The District admits the allegations in paragraph 5 of Plaintiffs' First Amended and Supplemental Complaint.

6. The District admits the existence of the law referenced in paragraph 6 of Plaintiffs' First Amended and Supplemental Complaint, but the District denies that Plaintiffs are a prevailing party in proceedings under the IDEA or that Plaintiffs are entitled to attorneys' fees and costs.

7. The District admits that Plaintiffs are seeking to recover damages pursuant to the laws referenced in paragraph 7 of Plaintiff's First Amended and Supplemental Complaint, but the District denies that Plaintiffs are entitled to such damages. The District denies the remaining allegations in paragraph 7 of Plaintiffs' First Amended and Supplemental Complaint.

8. The District admits that this Court has proper jurisdiction over Plaintiffs' claims as stated in paragraph 8 of Plaintiffs' First Amended and Supplemental Complaint, but the District denies that Plaintiffs are entitled to attorneys' fees and costs.

9. The District admits that this Court has proper jurisdiction over Plaintiffs' claims as stated in paragraph 9 of Plaintiffs' First Amended and Supplemental Complaint, but the District denies that Plaintiffs are entitled to damages.

10. The District admits the allegations in paragraph 10 of Plaintiffs' First Amended and Supplemental Complaint.

11. The District admits that Plaintiffs filed a due process complaint against the District, but the District specifically denies any and all allegations contained therein and all other allegations in paragraph 11 of Plaintiffs' First Amended and Supplemental Complaint.

12. The District admits the allegations in paragraph 12 of Plaintiffs' First Amended and Supplemental Complaint.

13. The District admits the allegations in paragraph 13 of Plaintiffs' First Amended and Supplemental Complaint.

14. In response to paragraph 14, the District respectfully refers the Court to the *Hearing Officer's Final Decision and Order* in Case No. H-21-34, which speaks for itself. The District denies the remaining allegations in paragraph 14 of Plaintiffs' First Amended and Supplemental Complaint.

15. In response to paragraph 15, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-21-34, which speaks for itself. The District denies the remaining allegations in paragraph 15 of Plaintiffs' First Amended and Supplemental Complaint.

16. The District denies the allegations in paragraph 16 of Plaintiffs' First Amended and Supplemental Complaint. First Amended and Supplemental Complaint

17. The District denies the allegations in paragraph 17 of Plaintiffs' First Amended and Supplemental Complaint.

18. In response to paragraph 18, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-21-34, which speaks for itself. The District denies the remaining allegations in paragraph 18 of Plaintiffs' First Amended and Supplemental Complaint.

19. In response to paragraph 19, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-21-34, which speaks for itself. The District denies the remaining allegations in paragraph 19 of Plaintiffs' First Amended and Supplemental Complaint.

20. In response to paragraph 20, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-21-34, which speaks for itself. The District denies the remaining allegations in paragraph 20 of Plaintiffs' First Amended and Supplemental Complaint.

21. In response to paragraph 21, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-21-34, which speaks for itself. The District

denies the remaining allegations in paragraph 21 of Plaintiffs' First Amended and Supplemental Complaint.

22. The District admits that Plaintiffs filed a second due process complaint against the District, but the District specifically denies any and all allegations contained therein and all other allegations in paragraph 22 of Plaintiffs' First Amended and Supplemental Complaint.

23. The District admits the allegations contained in paragraph 23 of Plaintiffs' First Amended and Supplemental Complaint.

24. The District admits the allegations contained in paragraph 24 of Plaintiffs' First Amended and Supplemental Complaint.

25. The District admits the allegations contained in paragraph 25 of Plaintiffs' First Amended and Supplemental Complaint.

26. In response to paragraph 26, the District denies that the hearing officer found for the District on a "technicality," and respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-22-05, which speaks for itself.

27. The District admits that Plaintiffs filed a third due process complaint against the District, but the District specifically denies any and all allegations contained therein and all other allegations in paragraph 27 of Plaintiffs' First Amended and Supplemental Complaint.

28. The District admits the allegations in paragraph 28 of Plaintiffs' First Amended and Supplemental Complaint.

29. The District admits the allegation in paragraph 29 of Plaintiffs' First Amended and Supplemental Complaint.

30. In response to paragraph 30, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-22-38, which speaks for itself.

31. In response to paragraph 31, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-22-38, which speaks for itself.

32. In response to paragraph 32, the District respectfully refers the Court to the *Hearing Officers Final Decision and Order* in Case No. H-22-38, which speaks for itself.

33. The District respectfully refers the Court to the legal authority cited in paragraph 33. The District otherwise denies any and all allegations contained in paragraph 33 of Plaintiffs' First Amended and Supplemental Complaint.

34. The District denies the allegations in paragraph 34 of Plaintiffs' First Amended and Supplemental Complaint.

35. The District denies the allegations in paragraph 35 of Plaintiffs' First Amended and Supplemental Complaint.

36. The District admits the allegations in paragraph 36 of Plaintiffs' First Amended and Supplemental Complaint.

37. The District admits the allegations in paragraph 37 of Plaintiffs' First Amended and Supplemental Complaint.

38. The District respectfully refers the Court to the legal authority cited in paragraph 38. The District otherwise denies any and all allegations contained in paragraph 38 of Plaintiffs' First Amended and Supplemental Complaint.

39. Paragraph 39 does not require a response. To the extent it does, the District denies the allegations in paragraph 39 of Plaintiffs' First Amended and Supplemental Complaint.

40. The District respectfully refers the Court to the legal authority cited in paragraph 40. The District otherwise denies any and all allegations contained in paragraph 40 of Plaintiffs' First Amended and Supplemental Complaint.

41. The District denies the allegations in paragraph 41 of Plaintiffs' First Amended and Supplemental Complaint.

42. The District admits the allegations in paragraph 42 of Plaintiffs' First Amended and Supplemental Complaint.

43. The District denies the allegations in paragraph 43 of Plaintiffs' First Amended and Supplemental Complaint.

44. The District denies the allegations in paragraph 44 of Plaintiffs' First Amended and Supplemental Complaint.

45. The District denies the allegations in paragraph 45 of Plaintiffs' First Amended and Supplemental Complaint.

46. The District denies the allegations in paragraph 46 of Plaintiffs' First Amended and Supplemental Complaint.

47. The District respectfully refers the Court to the legal authority cited in paragraph 47, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 47 of Plaintiffs' First Amended and Supplemental Complaint.

48. The District respectfully refers the Court to the legal authority cited in paragraph 48, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 48 of Plaintiffs' First Amended and Supplemental Complaint.

49. The District denies the allegations in paragraph 49 of Plaintiffs' First Amended and Supplemental Complaint.

50. The District denies the allegations in paragraph 50 of Plaintiffs' First Amended and Supplemental Complaint.

51. The District denies the allegations in paragraph 51 of Plaintiffs' First Amended and Supplemental Complaint.

52. The District respectfully refers the Court to the legal authority cited in paragraph 52, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 52 of Plaintiffs' First Amended and Supplemental Complaint.

53. The District respectfully refers the Court to the legal authority cited in paragraph 53, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 53 of Plaintiff's First Amended and Supplemental Complaint.

54. The District respectfully refers the Court to the legal authority cited in paragraph 54, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 54 of Plaintiff's First Amended and Supplemental Complaint.

55. The District respectfully refers the Court to the legal authority cited in paragraph 55, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 55 of Plaintiff's First Amended and Supplemental Complaint.

56. The District respectfully refers the Court to the legal authority cited in paragraph 56, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 56 of Plaintiff's First Amended and Supplemental Complaint.

57. The District respectfully refers the Court to the legal authority cited in paragraph 57, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 57 of Plaintiff's First Amended and Supplemental Complaint.

58. The District respectfully refers the Court to the legal authority cited in paragraph 58, which speaks for itself. The District otherwise denies any and all remaining allegations contained in paragraph 58 of Plaintiff's First Amended and Supplemental Complaint.

59. The District denies the allegations in paragraph 59 of Plaintiffs' First Amended and Supplemental Complaint.

60. The District denies the allegations in paragraph 60 of Plaintiffs' First Amended and Supplemental Complaint.

61. The District denies the allegations in paragraph 61 of Plaintiffs' First Amended and Supplemental Complaint.

62. The District denies the allegations in paragraph 62 of Plaintiffs' First Amended and Supplemental Complaint.

63. The District joins Plaintiffs in a demand for a trial by jury.

64. The District denies all allegations, averments, and prayers for relief in the "WHEREFORE" paragraph of Plaintiff's First Amended and Supplemental Complaint.

65. The District denies any and all allegations contained in Plaintiffs' First Amended and Supplemental Complaint that are not specifically admitted herein.

66. The District reserves the right to amend its answer and plead further.

## AFFIRMATIVE DEFENSES

67. The District affirmatively pleads that all claims in the First Amended and Supplemental Complaint are barred by statutory, governmental, and qualified immunity.

68. The District affirmatively pleads all defenses available to it pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

69. The District affirmatively pleads that all claims in the First Amended and Supplemental Complaint are barred as a matter of law.

70. The District affirmatively pleads that all claims contained in the First Amended and Supplemental Complaint are barred by the relevant statute of limitations.

71. The District affirmatively pleads that Plaintiffs have failed to properly mitigate any damages they may have incurred, and therefore, are not entitled to damages at all.

72. The District affirmatively pleads that Plaintiffs have not been deprived of any right or interest protected by the U.S. Constitution, the Arkansas Constitution, federal law, or Arkansas state law.

73. The District affirmatively pleads that all actions taken by the District were in good faith.

74. The District affirmatively pleads that it acted reasonably and in compliance with both federal and Arkansas state law at all times relevant hereto.

75. The District affirmatively states that it did not authorize any unlawful acts as alleged in the First Amended and Supplemental Complaint, and that if any unlawful acts were committed by an employee of the District, those unlawful acts were committed outside the scope of that employee's employment with the District.

76. The District affirmatively pleads that Plaintiffs failed to exhaust their administrative remedies with regard to any and all discrimination and/or retaliation claims contained in the First Amended and Supplemental Complaint.

77. The District affirmatively pleads that it has complied with the IDEA and all state and federal regulations related thereto.

78. The District reserves the right to amend or add to these affirmative defenses in future pleadings.

WHEREFORE, the Defendant, Benton School District, respectfully requests that this Court deny the relief sought by Plaintiffs and enter judgment in its favor, or in the alternative,

dismiss the Plaintiffs' *First Amended and Supplemental Complaint* in its entirety, for attorney's fees and costs, and for all other relief this Court deems just and equitable.

## COUNTERCLAIM

Comes now, Benton School District (the "District"), by and through its attorneys, TAYLOR & TAYLOR LAW FIRM, P.A., and for its *Counterclaim* does state:

### FACTUAL BACKGROUND

1. On March 17, 2022, Plaintiffs filed their third due process complaint, styled as H-22-38, against the District alleging that the District failed to comply with the Individuals with Disabilities Act ("IDEA") and the regulations set forth by the Arkansas Department of Education by not providing H.R. with direct speech and occupational therapy services from December 6, 2021, through March 17, 2022.

2. The due process hearing for H-22-38 was held on May 24 and 25, 2022.

3. Following the submission of post-hearing briefs from the parties, the hearing officer issued a decision on June 30, 2022.

4. The *Hearing Officers Final Decision and Order,* attached to Plaintiffs' *First Amended and Supplemental Complaint* as Exhibit C, erroneously found in favor of Plaintiffs.

5. The hearing officer's erroneous findings of facts and conclusions of law in H-22-38, include but are not limited to, the following:

    a. The hearing officer ignored substantial evidence that H.R.'s clinical need for speech and occupational therapy was not an educational need;

    b. The hearing officer relied on clinical evaluations that were over a year old to determine that H.R. was eligible for direct speech and occupation therapy services at school;

c. The hearing officer erroneously allowed Plaintiffs to present testimony from an "expert" witness that had not evaluated H.R., had never seen H.R. in person, and was not sufficiently familiar with H.R. as to render an opinion as to his educational needs.

d. The hearing officer erroneously found that the District did not provide H.R. a FAPE from December 6, 2021, through March 17, 2022, despite the overwhelming testimony that H.R. had been receiving direct services throughout this entire time period.

## CLAIM # 1 – RELIEF PURSUANT TO THE IDEA

6. The IDEA allows an aggrieved party to seek review of a hearing officer's decision and order. *See* U.S.C. § 1415(i)(2)(A).

7. The District is an aggrieved party, as defined in U.S.C. § 1415(i)(2)(A), by the finding and decisions of the hearing officer in H-22-38.

8. The decision of the hearing officer in H-22-38 erroneously found that the District violated the IDEA and relevant federal or state regulations promulgated thereunder in connection with the educational services provided by the District to H.R.

9. The evidence presented at the due process hearing did not support the hearing officer's findings against the District, and the hearing officer's decisions in favor of Plaintiffs was contrary to the evidence.

10. The evidence showed that the District complied with the procedures set forth in the IDEA and pertinent federal and state regulations.

11. The evidence also showed that the educational plan and services provided by the District to H.R. were reasonably calculated to enable H.R. to make progress appropriate in light of the circumstances.

WHEREFORE, the District respectfully requests that this Court enter judgment in favor of the District and against Plaintiffs by reversing the *Hearing Officers Final Decision and Order* in H-22-38, for attorney's fees and costs incurred herein, and for all other relief this Court deems just and equitable.

        Respectfully submitted,
        Benton School District,
        *Defendant*

BY:  */s/ Andrew M. Taylor*
       TAYLOR & TAYLOR LAW FIRM, P.A.
       Andrew M. Taylor, Ark. Bar No. 2005147
       Jennifer Williams Flinn, Ark. Bar No. 2006299
       12921 Cantrell Road, Suite 205
       Little Rock, AR 72223
       Phone: (501) 246-8004
       Fax:   (501) 246-8009
       Email: Andy@TaylorLawFirm.com
              Jennifer@TaylorLawFirm.com

*Counsel for Defendant*