# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | | |
|---|---|---|
| C.R. and P.R., Individually, and as Parents of H.R., | § § § § | |
| Plaintiffs | § | CASE NO. 4:22-cv-00167-BSM |
| v. | § § | |
| BENTON SCHOOL DISTRICT, | § § § | |
| Defendant | § | |

## ANSWER TO COUNTERCLAIM

C.R. and P.R., Individually and as Parents of H.R., for their Answer to Counterclaim state:

1. Plaintiffs admit the allegations in paragraphs 1-3 of Defendant's Counterclaim.

2. As to paragraph 4 of Defendant's Counterclaim, Plaintiffs admit the impartial hearing officer ("HO") found in favor of Plaintiffs but deny that this finding was erroneous.

3. Plaintiffs deny the allegations in paragraph 5 of Defendant's Counterclaim.

4. Plaintiffs admit the allegations in paragraphs 6-7 of Defendant's Counterclaim.

5. Plaintiffs deny the allegations in paragraphs 8-11 of Defendant's Counterclaim.

6. Plaintiffs deny all allegations not specifically admitted herein.

7. Plaintiffs affirmatively assert that Defendant failed to raise the alleged errors before the HO and otherwise failed to preserve these errors for review, and accordingly, Defendant should be estopped from raising these errors in this Court.

8. Plaintiffs affirmatively assert that Defendant's appeal of the HO's decision opens the door for Plaintiffs to seek additional "appropriate" relief in this Court. See 20 U.S.C. §1415(i)(2)(C)(iii);

*Paris Sch. Dist. v. Harter*, 894 F.3d 885, 888 (8th Cir. 2018) ("A civil action review proceeding under § 1415(i)(2), while sometimes referred to as an 'appeal,' is formally an original civil action.") (citing *Kirkpatrick v. Lenoir Cty. Bd. of Educ.*, 216 F.3d 380, 384–85 (4th Cir. 2000)); *FB v. New York City Dep't of Educ.*, 923 F. Supp. 2d 570, 588 (S.D.N.Y. 2013) ("[T]he Court holds that the Parents were not required to cross-appeal issues raised in their due process complaint but not addressed by the IHO in his decision ruling in their favor.").

9. Plaintiffs affirmatively assert that Defendant is required to implement the HO's decision and order while its appeal is pending; that Defendant's appeal will be moot when it has fully implemented the HO's decision and order; and accordingly, that Defendant should be estopped from raising the "capable of repetition, yet evading review" exception to mootness unless it seeks a stay of the HO's decision and order and/or expeditiously pursues this appeal to decision before the case becomes moot. *See Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005).

WHEREFORE, Plaintiffs pray that Defendant's Counterclaim be dismissed with prejudice; that Parents be awarded their attorneys' fees and costs and the prevailing party in proceedings under the IDEA; that Plaintiffs be awarded compensatory damages from BSD for disability discrimination in an amount determined by a jury; and, that Plaintiffs be awarded all other just and proper relief to which they may be entitled.

Respectfully submitted,

Theresa L. Caldwell
Arkansas Bar Number 91163
Attorney for Plaintiffs

**CALDWELL LAW OFFICE**
14 Alban Lane
Little Rock, Arkansas 72223
Tel.: 501-414-0434
E-mail: [tlcatty@gmail.com](mailto:tlcatty@gmail.com)